IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY MOORE,

                Plaintiff,

     v.

DAWN LANDERS, DR. BREEN,
MR. MORRIS, JANEL NICKEL,
LT. LANE and SGT. DYKSTRA,

                Defendants.

ORDER

09-cv-448-vis[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Rodney Moore, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, is proceeding on his claim that defendants Dr. Breen, Dawn Landers, Mr. Morris, Janel Nickel, Lt. Lane and Sgt. Dykstra are failing to protect him from other inmates. In the October 7, 2009 screening order in this case, I construed plaintiff's complaint as including a request for preliminary injunctive relief because he alleged that he is in imminent danger of serious physical harm. After receiving numerous extensions of time, plaintiff has filed materials in support of his motion for preliminary injunctive relief. Also, he has filed three proposed amended complaints as well as several other motions. Plaintiff's materials in support of his motion for preliminary injunctive relief do not comply with this court's procedures, but I will

---

[1] I am assuming jurisdiction over the case for the purpose of this order.

give him another chance to submit supporting materials. Further, I will deny plaintiff's requests for leave to amend his complaint and his remaining motions.

1. Preliminary injunctive relief

Plaintiff has submitted his materials in support of his motion for preliminary injunctive relief. However, because plaintiff's submissions do not comply with the court's procedures to be followed on motions for injunctive relief, I will give him another chance to file these materials. There are two major problems with the current submissions. First, plaintiff's findings of fact are difficult to follow because they do not set out the facts supporting his claim in a way that explains what happened to him. Rather, plaintiff's findings of fact catalogue and summarize more than 250 pieces of evidence that he believes support his claim. The second problem is that although plaintiff lists each piece of evidence, he does not provide the court a copy of these exhibits, as is required. The court's procedures require that plaintiff submit individually numbered proposed findings of fact, each of which is followed by a citation to the location of admissible evidence in the record that supports the factual proposition. In his findings of fact, plaintiff should explain what happened as if he were telling a story to someone who was not familiar with his claim. For each finding of fact, he must tell the court what admissible evidence supports the finding, and then include that evidence in his submissions. I note further that it is unlikely that plaintiff will need to cite to 250 different pieces of evidence to support his motion for preliminary injunctive

relief. He should take care not to include any unnecessary or irrelevant information. Because plaintiff states that he has not made a personal copy of his findings of fact, I will return the document to him now that the court has an electronic copy of it. Also, I will include another copy of the court's procedures to be followed on motions for preliminary injunctive relief. Plaintiff will have until January 29, 2010 to submit new materials in support of his motion.

2. Proposed amended complaints

Plaintiff has filed three proposed amended complaints, but I must deny his requests to amend his complaint for several reasons. As an initial matter, I note that I could not accept any of these proposed amended complaints because plaintiff has not complied with this court's policy that an amended complaint must look just like the original complaint (or in this case, plaintiff's first amended complaint, because that is the complaint on which he was allowed to proceed). The only difference is that plaintiff is to point out any new defendants by highlighting their names in the caption and highlighting all the new or modified allegations that he has made to the body of the complaint. In his proposed amended complaint, plaintiff leaves out the allegations supporting his failure to protect claim, which is the only claim he was originally allowed to proceed on.

Next, plaintiff attempts to re-raise claims regarding access to the courts, denial of a new razor card and a conspiracy between the district attorney and inmates at the Columbia Correctional Institution. As I have previously explained to plaintiff, these claims do not qualify

for the imminent danger exception of 28 U.S.C. § 1915(g), and he cannot proceed with these claims unless he pays the full $350 filing fee for this case. I have already given plaintiff a chance to pay the full filing fee but he has chosen not to.

Also, plaintiff brings a claim regarding the recent death of his friend, fellow Columbia Correctional Institution inmate Christopher McSwain, alleging that he died because of retaliatory misconduct by prison staff. It is understandable that plaintiff is seeking justice for what he believes is misconduct on the part of prison officials, but plaintiff may bring claims only for the violation of his own rights, not those of any other inmate.

Finally, in plaintiff's final proposed amended complaint, he raises a claim that an unnamed defendant has tampered with his pills and prison officials have not adequately investigated this tampering. However, plaintiff's allegations are so threadbare that they do not meet the requirements of Fed. R. Civ. P. 8 that plaintiff provide "a short and plain statement of the claim showing that he is entitled to relief." Should plaintiff wish to pursue this claim, he must submit a new amended complaint explaining his claim, in particular explaining how prison officials responded to his complaints about his pills and how he was harmed by their actions, since it does not appear that he took the pills. Plaintiff should also take care to follow the court's policy on amended complaints as I have explained it. I will not accept an amended complaint in which plaintiff fails to include his failure to protect claim along with his new allegations. Should plaintiff choose to submit a new amended complaint, he must do so no later than January 29, 2010.

3. <u>Plaintiff's remaining motions</u>

Plaintiff has filed several other motions that I will address in turn. First, plaintiff has filed a document titled "motion for protection order," in which he states that some of his fellow inmates who are possible witnesses for his case are being "treated with cruel and unusual punishment, numerous tickets, [and] no law library at all." As with plaintiff's claim regarding Christopher McSwain, I cannot consider plaintiff's claims regarding other inmates; if they have had their rights violated by prison staff, they must file their own lawsuits. Therefore, I must deny this motion. If in the future, prison officials prevent plaintiff's witnesses from testifying in this case, plaintiff may raise that issue with the court.

Next, plaintiff has filed a motion for a temporary restraining order against defendants to keep them from tampering with his legal mail. I will deny this motion because plaintiff has not shown that he has had any problems litigating this case. The docket of this and other cases show that plaintiff is a prolific filer; it does not appear that he has had any problem submitting legal documents. Plaintiff has not shown that this is the rare case in which judicial intervention is appropriate because he is actively and physically blocked from coming to trial or defending a motion. Plaintiff is free to refile his motion should this occur, but he must explain exactly what prison officials are doing to block his access to the court.

Also, plaintiff has filed a motion for punitive damages because prison officials kept him from attending Christopher McSwain's funeral, did not allow him to have contact with his family at Christmas and blocked him from sending evidence to a state court in a habeas

proceeding. I will deny this motion because none of these alleged wrongs have anything to do with the claim on which plaintiff is proceeding in this action.

Finally, plaintiff has filed a motion to stay a ruling on the latter two motions until January 10, 2010, so plaintiff can see whether defendants will comply with his requests. I will deny that motion as unnecessary and remind plaintiff to focus on the issues before the court rather than raising new, unrelated grievances.

ORDER

IT IS ORDERED that

1. Plaintiff Rodney Moore may have until January 29, 2010 to file new proposed findings of fact in support of his motion for preliminary injunctive relief against defendants, along with evidence in support of his proposed findings. Defendants will have until February 12, 2010 to file their response.

2. Plaintiff's requests for leave to amend his complaint, dkt. ##13, 24, 30, are DENIED. Should plaintiff wish to amend his complaint to include allegations about the alleged tampering with his medication, he has until January 29, 2010 to do so.

3. Plaintiff's motion for a protective order, dkt. #31, is DENIED.

4. Plaintiff's motion for a temporary restraining order, dkt. #38, is DENIED.

5. Plaintiff's motion for punitive damages, dkt. #39, is DENIED.

6. Plaintiff's motion to stay a ruling on his motions for a temporary restraining order

and punitive damages, dkt. #40, is DENIED as unnecessary.

Entered this 12th day of January, 2010.

                                              BY THE COURT:

                                              /s/

                                            _____
                                            BARBARA B. CRABB
                                            District Judge