IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY MOORE,

                Plaintiff,             OPINION AND ORDER

  v.

                                      09-cv-448-wmc[1]

DAWN LANDERS, DR. BREEN,
MR. MORRIS, JANEL NICKEL,
LT. LANE and SGT. DYKSTRA,

                Defendants.

---

      Plaintiff Rodney Moore is proceeding on his claim that defendants Dr. Breen, Dawn Landers, Mr. Morris, Janel Nickel, Lt. Lane and Sgt. Dykstra are failing to protect him from other inmates at the Columbia Correctional Institution. Over the last few months, Moore has filed a flurry of submissions, including several conflicting motions about withdrawing some or all of the case. He has also filed motions to amend the complaint, to stay the case, and for injunctive relief against defendants not listed in his complaint. In addition, this case has been complicated by Moore's recent transfer to the Green Bay Correctional Institution and his allegations that he is still in danger there. Each of plaintiff's motions will be denied, but he will be given another chance to file a proposed amended complaint, including allegations regarding his current place of incarceration if he so chooses. Finally, defendants have filed a motion for summary judgment. Briefing will be stayed on this motion pending

---

[1] This case was reassigned to me pursuant to a March 31, 2010 administrative order.

Moore's submission of an amended complaint.

## DISCUSSION

A. Motions to withdraw

Plaintiff Moore's filing of several conflicting motions, including a motion to remove defendants from the case, dkt. #44, and a motion to withdraw the case entirely, dkt. #56 -- each followed by a motion seeking to withdraw the previous motion, dkt. ##48, 57 -- led to the current confusion over whether Moore wished to pursue this case. In its March 3, 2010 order, the court gave Moore until March 11, 2010, to state whether he wished to voluntarily dismiss the case. Moore has not responded to that order directly, but has filed subsequent submissions making it appear that he indeed wishes to pursue the case. Accordingly, dkt. ##44, 48, 56 and 57 will be denied as moot, and this case will proceed.

B. Preliminary injunction motion

Because Moore was allowed leave to proceed *in forma pauperis* under the imminent danger exception to 28 U.S.C. 1915(g), the court construed his complaint as including a motion for preliminary injunctive relief. Moore then followed up by submitting a formal motion to that effect in writing, dkt. #28.

The process of briefing this motion has not been smooth. Moore's first set of

2

materials in support of his motion did not comply with this court's preliminary injunction procedures. Defendants filed a motion for an extension to time to file their response and later filed a letter seeking clarification following Moore's submission of his motion seeking to withdraw the case.

Moore has since notified the court that he has been transferred to the Green Bay Correctional Institution, removing him from the alleged danger at the Columbia Correctional Institution. For this reason, his request for injunctive relief is moot. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). Moore's motion for a preliminary injunction and defendants' motion for an extension of time are, therefore, denied and the exhibits Moore filed in support of his motion for preliminary injunctive relief will be returned to him.

C. Proposed amended complaint

Moore's transfer also affects his rights to ultimate relief on his underlying failure to protect claim. Because he has been moved out of the Columbia Correctional Institution, he can no longer receive permanent injunctive relief against defendants who work there. But Moore may still pursue his claims for money damages since his *in forma pauperis* status is not revoked even though he has been removed from the alleged imminent danger. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (case not mooted under 28 U.S.C. § 1915(g) when plaintiff transferred to new prison; § 1915(g) "only limits when frequent filers can

3

proceed IFP, and says nothing about limiting the substance of their claims,") which bring us to Moore's motion to amend his complaint.

Moore supports his motion with three separate documents. One of these documents, dkt. #51, is identical to the current operative complaint, except that Moore has omitted the second page of the complaint and added in a new page further detailing how he was assaulted by his cellmate on July 29, 2009. Another document, dkt. 50, contains new allegations and adds new defendants. The third document is titled "Amended Summary of Facts," dkt. #52, which appears to be Moore's proposed findings of fact in support of his motion for preliminary injunctive relief. However, in this document, Moore adds allegations against new defendants and asks to have them added to the caption, so it would seem that he would like to further amend his complaint with this document.

As plaintiff should know both from previous orders in this case and from his other cases in this court, the court cannot accept a proposed amended complaint consisting of three separate documents. It would be extremely difficult for defendants to file an answer responding to these documents, or for this court to decipher its impact, particularly with respect to the allegations interwoven with Moore's proposed findings of fact. Moore's motion to amend his complaint, therefore, will be dismissed, though he will be given another chance to amend his complaint. His amended complaint must start with the current operative complaint, dkt. #4. He should then add all of his new allegations and changes to

4

the caption, such as adding defendants. Then Moore should highlight or underline those changes so the court and defendants are aware of what has changed.

In short, Moore's allegations should be combined into one document; the court cannot consider a piecemeal complaint made up of several different documents. Plaintiff will have until May 20, 2010, to submit such a proposed amended complaint should he so choose. If he fails to submit a proposed amended complaint by this date, the case will proceed with the current operative complaint, dkt. #4.

D. Motion for Relief from Judgment

There is another issue to consider should Moore choose to submit a proposed amended complaint. After Moore was moved to the Green Bay Correctional Institution, he submitted a motion he calls a Fed. R. Civ. P. 60(b) motion for relief from a judgment, dkt. #62, but it actually appears to be a motion for preliminary injunctive relief. Moore states that Department of Corrections staff has intentionally moved an inmate who "wants [him] dead like Dahmer" to the Green Bay Correctional Institution along with him, he has "many enemies at this institution" and he fears for his life.

While I will deny as premature this apparent motion for preliminary injunctive relief against Department of Corrections personnel and staff at the Green Bay Correctional Institution, Moore's filing suggests that he would like to bring a failure to protect claim

5

against these state employees. Without knowing precisely what allegations Moore would make to support this claim, it is unclear whether the claim could be included in this lawsuit without violating Fed. R. Civ. P. 20, which limits proper claims in a single complaint to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Should he choose to pursue this claim in the present lawsuit, Moore may include those allegations in his proposed amended complaint and add the proper defendants to the caption. If the proposed amended complaint violates Rule 20, the court will sever the lawsuits.

If Moore wishes to pursue preliminary injunctive relief against these new defendants, he will have until May 20, 2010 to submit these materials. Moore should include proposed findings of fact that cite to attached evidentiary materials, as has been explained to him in previous orders. Moore should also keep in mind that at this point, he can no longer obtain injunctive relief against staff at the Columbia Correctional Institution; any injunctive relief he seeks can only be against prison staff who are currently failing to protect him.

I note further that Moore should limit the allegations in his proposed amended complaint and proposed findings of fact to those regarding his failure to protect claims. Throughout this litigation, Moore has larded his filings with allegations having nothing to do with his failure to protect claim, which is the only claim that the court has concluded meets the imminent danger standard allowing Moore to proceed *in forma pauperis*. This

6

means he should not include any allegations about his state criminal cases or problems with his legal mail.

E. Motion to stay

Moore has filed a motion to stay this case pending the resolution of state court proceedings. (He also asks that the court stay case no. 09-cv-23, but judgment was entered in that case in December so there is nothing to stay.) Based on his motion and previous filings, Moore is referring to criminal cases that have no connection to this federal civil matter. Moore is not alleging that he cannot continue with this case. Accordingly, this motion for such extraordinary relief appears to have no factual or legal basis and will be denied.

F. Defendants' motion for summary judgment

Finally, defendants have filed a motion for summary judgment, dkt. #64. It is unclear how this motion might be affected should plaintiff choose to amend his complaint. Accordingly, briefing on this motion will be stayed until plaintiff's deadline to amend his complaint. Should plaintiff file an amended complaint, defendants will be given an opportunity to supplement their brief and supporting materials.

ORDER

IT IS ORDERED that:

1. Plaintiff Rodney Moore's motion to remove defendants from the case, dkt. #44, motion to withdraw the case entirely, dkt. #56, and subsequent motions to withdraw those motions, dkt. ##48, 57, are DENIED as moot.

2. Plaintiff's motion for preliminary injunctive relief, dkt. #28, is DENIED as moot.

3. Defendants' motion for an extension of time to file materials in opposition to plaintiff's motion for preliminary injunctive relief, dkt. #45, is DENIED as moot.

4. Plaintiff's motion for preliminary injunctive relief regarding his treatment at the Green Bay Correctional Institution, dkt. #62, is DENIED as premature.

5. Plaintiff's motion to amend the complaint, dkt. #50, is DENIED. Plaintiff will have **until May 20, 2010**, to submit a new proposed amended complaint. Should plaintiff wish to pursue preliminary injunctive relief regarding his treatment at the Green Bay Correctional Institution, he should submit proposed findings of fact and supporting evidence **by May 20, 2010.**

6. Plaintiff's motion to stay the case, dkt. #54, is DENIED.

7. Briefing on defendants motion for summary judgment, dkt. #64, is STAYED pending plaintiff's submission of an amended complaint.

Entered this 29th day of April, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge