IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY MOORE,

                          Plaintiff,                        ORDER

v.

                                                        09-cv-448-wmc

DAWN LANDERS, DR. BREEN,
MR. MORRIS, JANEL NICKEL,
LT. LANE and SGT. DYKSTRA,

                          Defendants.

---

      Plaintiff Rodney Moore is proceeding on his claims that defendants Dr. Breen, Dawn Landers, Mr. Morris, Janel Nickel, Lt. Lane and Sgt. Dykstra failed to protect him from other inmates at the Columbia Correctional Institution. In February 2010, Moore was transferred to the Green Bay Correctional Institution. In the Court's April 29, 2010 order, briefing on defendants' summary judgment motion was stayed pending Moore's submission of an amended complaint adding allegations against defendants at the Green Bay Correctional Institution, where he is currently incarcerated. Moore was given until May 20, 2010 to submit an amended complaint. Also, if he wished to pursue preliminary injunctive relief against defendants at the Green Bay Correctional Institution, Moore was given until May 20, 2010 to submit proposed findings of fact and supporting evidence.

      Moore has not filed an amended complaint adding Green Bay Correctional Institution defendants. Instead, he has filed a flurry of motions and other submissions, including the following:

      1. A motion to serve defendants with copies of his submissions, dkt. #70

      2. A Rule 60(b) motion for relief from judgment, dkt. #71

3.  A motion for preliminary injunctive relief, dkt. #72

4.  A motion to add Ismael Ozanne as a defendant, dkt. #73

5.  A motion for summary judgment, dkt. #74

6. Documents supporting his motion for summary judgment as well as opposing defendants' motion for summary judgment, dkt. ##75-79

7.  A motion to voluntarily dismiss the case, dkt. #81

8.  A motion for a writ of mandamus, dkt. #80

It does not appear that Moore mailed a copy of the first seven of these filings to the Attorney General's office, as Fed. R. Civ. P. 5 requires.  It is not this Court's practice to consider documents filed by one party that have not been served on the opposing party.  Nor will the Court serve Moore's documents for him.  Thus, Moore's motion for the Court to serve defendants with copies of his submissions will be denied.

Although the Court does not normally consider documents unserved on the opposing party, there is no prejudice to defendants in addressing Moore's Rule 60(b) motion (or some of his other motions) because even if properly served, it will be denied.  Moore's motion is unfocused and difficult to understand, particularly because he fails to identify what final judgment or order he is challenging.  Though Moore appears to be perhaps seeking relief from a state court conviction, a Rule 60 motion is not the proper mechanism for challenging a judgment made in another action.  Even if ignoring this defect, Moore should be aware from his previous cases in this Court that he cannot challenge his convictions in the context of a civil lawsuit under 42 U.S.C. § 1983.  *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Moore's motion for a writ of mandamus must be denied for similar reasons.  In his

motion, Moore asks this Court to order a state court to review evidence he has submitted, presumably following his conviction. Not only is this motion premised on the incorrect assumption that this Court has any legal authority to supervise his state court postconviction proceedings, but it again fails because the present case has nothing to do with his criminal cases. This case is only about Moore's claims that prison staff is failing to protect him from other inmates. For the remainder of this case, Moore will have to stick to these claims rather than ask the Court to interfere in state court proceedings.

Next, Moore's motion to add Ismael Ozanne as a defendant will be denied. In order to add Deputy Secretary of the Department of Corrections Ozanne as a defendant, Moore would need to include allegations against him that suffice to state an imminent danger claim that is the subject of this lawsuit. The only allegations included in Moore's motion are that Ozanne "covered up Moore's kidnapping for just hanging around the alleged victim, who is a relative to the Dane County Circuit Courthouse, where Ozanne worked as an ADA in 2005," and that Ozanne became deputy secretary in January 2009, "when this batch of serious trouble started." These allegations do not suffice to state a claim against Ozanne because they are extremely vague and raise only speculation that Ozanne has violated his rights. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *Riley v. Vilsack*, 665 F. Supp. 2d 994, 1003-04 (W.D. Wis. 2009) (plaintiff must allege enough facts to provide defendant adequate notice of claim and show that claim is plausible, meaning that allegations must be specific enough to raise claim above the level of speculation). Moreover, they suffer the same defect as Moore's previous motions, which appear to raise matters wholly beyond the scope of the current lawsuit.

As for Moore's summary judgment motion, it would be imprudent to address this motion

for two reasons. As an initial matter, it is unclear whether Moore even wishes to continue with the present suit. On May 21, 2010, he filed a motion for voluntary dismissal, stating that he wishes to withdraw the case without prejudice so that he can refile it "if the situation changes here at GBCI." He states further that defendant Breen has "red tagged" him for three months. Moore does not explain what "red tagging" is, though it appears to be a status that provides enhanced safety. Thus, it appears that Moore is currently satisfied with his safety at the Green Bay Correctional Institution.

Moreover, as previously noted, this lawsuit does not currently concern Moore's treatment at the Green Bay Correctional Institution. Moore was granted leave to proceed on claims regarding his treatment at the Columbia Correctional Institution, and in the Court's April 29, 2010 order, he was given an opportunity to add claims regarding the Green Bay Correctional Institution because he was transferred there during the pendency of the case. As stated above, he has not submitted in a timely manner a proposed amended complaint including allegations about the Green Bay Correctional Institution. Because there are no claims regarding the Green Bay Correctional Institution, voluntary dismissal of these non-existent claims is unnecessary and Moore is free to bring those claims in a future lawsuit should prison staff fail to protect him there. Further, because it appears that Moore no longer wishes to pursue claims against staff at the Green Bay Correctional Institution, his motion for preliminary injunctive relief will be denied as moot.

As for Moore's claims regarding the Columbia Correctional Institution, Rule 41(a)(2) provides that plaintiff's motion for voluntary dismissal may be granted "only upon order of the court and upon such terms and conditions as the court deems proper" if filed after the defendant

has answered or moved for summary judgment (as in this case). Because defendants have already been required to defend Moore's claims regarding his treatment at the Columbia Correctional Institution, Moore's motion for voluntary dismissal will be granted only on the condition that the dismissal is *with* prejudice. This would mean that the order dismissing the case will serve as a judgment on the merits in favor of defendants, and Moore will not be able to refile his claims concerning the Columbia Correctional Institution.

Moore will be given a chance to decide whether he wants to continue with those claims. Moore will, therefore, have until June 30, 2010 to inform the Court whether he wants to voluntarily dismiss those claims *with* prejudice.

Should Moore choose to continue with his claims concerning the Columbia Correctional Institution, he faces a second problem with his summary judgment motion—he has not properly served it on defendants. Because Moore's motion and supporting materials has now been scanned into the Court's electronic docketing system, those filings will be deemed served on defendants effective June 30, 2010. This is obviously outside the court's usual practice and Moore is admonished that *he* must serve a copy of every document he files in this Court on defendants. This is so even if he does not have access to a copy machine, as he alleges. If he does not have access to a copy machine he can still make handwritten copies for defendants.

Should Moore choose to proceed, the Court will consider his motion along with defendants' pending summary judgment motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Rodney Moore's motion for the Court to serve defendants with copies of his submissions, dkt. #70, is DENIED.

5

2.  Plaintiff's Rule 60(b) motion for relief from judgment, dkt. #71, is DENIED.

3.  Plaintiff's motion for a writ of mandamus, dkt. #80, is DENIED.

4.  Plaintiff's motion to add Ismael Ozanne as a defendant, dkt. #73, is DENIED.

5.  Plaintiff's motion for preliminary injunctive relief, dkt. #72, is DENIED as moot.

6.  Plaintiff will have **until June 30, 2010** to inform the Court whether he wishes to pursue his claims regarding his treatment at the Columbia Correctional Institution, or whether he wishes to voluntarily dismiss these claims with prejudice.

7.  Plaintiff's summary judgment motion and supporting materials will be deemed served on defendants effective on **June 30, 2010**.

Entered this 16th day of June, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge