IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY MOORE,

                              Plaintiff,                              ORDER

    v.

                                                                          09-cv-448-wmc

DAWN LANDERS, DR. BREEN,
MR. MORRIS, JANEL NICKEL,
LT. LANE and SGT. DYKSTRA,

                              Defendants.

---

      Plaintiff Rodney Moore brought claims against defendants Dr. Breen, Dawn Landers, Mr. Morris, Janel Nickel, Lt. Lane and Sgt. Dykstra, claiming they failed to protect him from other inmates at the Columbia Correctional Institution. Both sides filed motions for summary judgment, but Moore also filed a motion for voluntary dismissal. In a June 16, 2010 order, Moore was informed that because defendants have already been forced to defend this action, his motion for voluntary dismissal would only be granted on the condition that the dismissal be *with prejudice,* meaning he would be legally barred from pursuing these same claims in the future. Dkt. #83. Moore was given until June 30, 2010 to inform the court whether he wished to pursue or dismiss his claims given this consequence.

      Now Moore has responded to that order, filing a long and confusing response making it unclear whether he wishes to withdraw and, if he does, whether he understands the implications of withdrawal. In particular, he makes the following statements:

- "I wish to continue, but I have to for my criminal case, withdraw, on these terms."

- "I, Rodney Moore, hereby moves the . . . Court . . . to accept my withdraw of my lawsuit, against CCI staff with prejudice, only on the grounds of injury, and nothing more."

- "I wish to continue for the lives lost and to set things right."

- "This is my final wish to move forward, I pray for the win of the Summary Judgment."

The remainder of Moore's response details alleged inmate deaths that have occurred at the hands of Columbia Correctional Institution officials. One possible reading of these seemingly contradictory statements is that Moore wishes to dismiss his current claims with prejudice, but intends to later file a new case concerning other inmates' deaths. Because this is not the only plausible reading, however, Moore will be given a final chance to express *clearly* whether he wants to proceed. He has two, mutually exclusive choices:

(1) he can voluntarily dismiss his current claims with prejudice, which means that he can never again bring these same claims against the same defendants; *or*

(2) he can choose to continue the case, in which case the Court will consider the parties' summary judgment motions.

Moore should keep in mind that his decision to dismiss or go forward with this matter will not affect in any way his separate, criminal proceedings. Also, Moore should be aware that he will be unable to file complaints in this Court on behalf of other inmates for what he believes prison officials did to them, because he lacks legal standing to pursue the claims of others. In short, as the Court previously explained, this case is only about his claims that defendants failed to protect him from harm; it is not about his criminal proceedings or any harm inflicted on other inmates. Moore will have until August 9, 2010, to respond to the Court. If he fails to respond, the Court will proceed to decide the parties' motion for summary judgment.

Finally, Moore has filed another document titled "Motions" in which he asks the court to intercede in his criminal proceedings in the Dane County Circuit Court by sending evidence

and a motion to that court on Moore's behalf. To the extent Moore believes that he cannot gain proper access to that court, he is free to raise that claim in a new lawsuit. The Court, however, cannot consider those claims in the present lawsuit. Accordingly, that motion will be denied.

ORDER

IT IS ORDERED that:

1. Plaintiff Rodney Moore will have **until August 9, 2010** to inform the court whether he wishes to pursue his claims regarding his treatment at the Columbia Correctional Institution, or the court will proceed to decide the parties' motion for summary judgment.

2. Plaintiff's motion for the court to send evidence to the Dane Couty Circuit Court, dkt. #86, is DENIED.

Entered this 27th day of July, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge