IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY MOORE,

                  Plaintiff,                  ORDER

    v.
                                                    09-cv-448-wmc

DAWN LANDERS, DR. BREEN,
MR. MORRIS, JANEL NICKEL,
LT. LANE and SGT. DYKSTRA,

                  Defendants.

---

Plaintiff Rodney Moore is proceeding on his claims that defendants Dr. Breen, Dawn Landers, Mr. Morris, Janel Nickel, Lt. Lane and Sgt. Dykstra failed to protect him from other inmates at the Columbia Correctional Institution. Both sides have filed motions for summary judgment, dkt. ##64, 74, but Moore has also filed a motion for voluntary dismissal. In a June 16, 2010 order, Moore was informed that because defendants have already been forced to defend this action, his motion for voluntary dismissal would be granted only on the condition that the dismissal would be with prejudice. Moore responded to that order with a long and confusing response making it unclear whether he wished to withdraw. In a July 27, 2010 order, Moore was given a final chance to clarify whether he wished to continue with this case. Now Moore has responded, stating that he wishes to pursue his claims. He has also filed additional motions, such as a motion for appointment of counsel. Accordingly, Moore's motion for voluntary dismissal will be considered withdrawn. The Court will now consider the parties' motions for summary judgment, as well as plaintiff's other motions.

UNDISPUTED FACTS[1]

---

[1] Based on the submissions of the parties, the following facts appear to be material and undisputed.

Plaintiff Rodney Moore is currently incarcerated at the Green Bay Correctional Institution. At the times relevant to this case, Moore was incarcerated at the Columbia Correctional Institution. On July 29, 2009, Moore reported to prison staff that he was shoved by his cellmate, causing him injury to his rib cage.

After prison staff members investigated Moore's allegations, they concluded that the incident was accidental and that Moore was not in need of protection. Moore was also given a conduct report for lying, because of his initial report that "this was the fifth time this happened" and later stating that this was the first time his cellmate had "become physical" with him. Not surprisingly, the parties dispute whether Moore's statements constitute "lies." Moore argues that he indeed had previous altercations with his cellmate in which his cellmate threatened him, but did not physically harm him. Moore was transferred to the Green Bay Correctional Institution on February 24, 2010.

OPINION

I.  Preliminary Motions

Following submission of his summary judgment materials, Moore filed a motion for appointment of counsel, dkt. #87. As a first step, Moore must make a reasonable effort to find a lawyer on his own. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). Usually this court requires that a plaintiff show that he has contacted three lawyers who have refused to represent him. Moore has failed to do so. Even had Moore submitted the names of three lawyers contacted, the Court also must next consider both the complexity of the case and the pro se plaintiff's ability to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). At this point, the case and Moore's duties are not complex: he must explain how defendants failed to protect him from harm. Most of these facts should be within Moore's personal knowledge.

2

In any event, Moore's problem in this case does not appear to be his ability to follow through on this relatively straightforward task. Rather, as discussed below it appears that he has moved on from the events that occurred at the Columbia Correctional Institution and would rather discuss his current situation at the Green Bay Correctional Institution. Accordingly, his motion for appointment of counsel will be denied.

Finally, Moore has filed a document titled "motion," dkt. #88, in which he discusses his criminal case and the death of a fellow inmate and friend of Moore's. Unfortunately, these issues, too, do not relate to the current case, must less the current defendants. Accordingly, this motion will be denied.

## II. Motions for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the court must view all facts and draw all inferences from those facts in the light most favorable to the non-moving party. *Schuster v. Lucent Tech., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). Nonetheless, through the proposal of specific facts the party that bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact that requires a trial. *Hunter v. Amin*, 583 F.3d 486, 489 (7th Cir. 2009) (internal quotation omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The applicable substantive law will dictate which facts are material. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). Further, a factual dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Roger Whitmore's Auto. Serv., Inc. v. Lake County, Ill.*, 424 F.3d 659,

667 (7th Cir. 2005). The court's function in a summary judgment motion is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007).

Here, Moore is proceeding on claims that the defendants failed to protect him from a substantial risk of serious harm at the hands of other prisoners. The Supreme Court recognized in *Farmer v. Brennan*, 511 U.S. 825 (1994), that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *See also Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). Under the test set forth in *Farmer*, the question is whether prison officials are "deliberately indifferent" to a "substantial risk of serious harm" to the prisoner's safety. In practical terms, a claim under *Farmer* has the following elements:

- Was plaintiff seriously harmed?
- Were defendants aware of a substantial risk that plaintiff would be seriously harmed?
- If defendants knew of the risk, did they take reasonable measures to avert it?

*Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005); *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997); *Langston v. Peters*, 100 F.3d 1235, 1238 (7th Cir. 1996).

The present case concerns Moore's claims that defendants Breen, Landers, Morris, Nickel, Lane and Dykstra failed to protect him from other inmates at the Columbia Correctional Institution before his February 24, 2010 transfer to the Green Bay Correctional Institution. As noted already, this case is *not* about whether officials at the Green Bay Correctional Institution are currently failing to protect Moore from harm, since none of them are defendants, nor has Moore stated formal claims against them. (In the Court's April 29, 2010 order, dkt. #69, Moore was given a chance to amend his complaint to include allegations against staff at the Green Bay Correctional Institution, but failed to do so.) This distinction is important because

4

Moore's summary judgment materials focus almost entirely on issues irrelevant to the case at hand, such as his current situation at the Green Bay prison.

Because Moore is not proceeding on claims regarding the Green Bay prison, the Court must disregard proposed findings of fact and supporting materials discussing his current situation at that prison. This is not to say that Moore is foreclosed from pursuing claims against the Green Bay staff; he simply has missed his chance to do so in this case. Should he choose to file a new complaint regarding his treatment at the Green Bay prison, however, he should be aware that will not be able to prevail on a motion for preliminary injunctive relief or summary judgment unless he provides detailed evidence (most likely including his affidavit testimony given under penalty of perjury) supporting his claims.

Turning to the case at hand, defendants maintain that there is no evidence that they knew Moore was in danger of serious physical injury at any time during his incarceration at the Columbia Correctional Institution. Even though both sides have filed motions for summary judgment, it remains Moore's burden as plaintiff to present evidence showing that a jury could conclude the named defendants failed to protect him. *Hunter*, 583 F.3d at 489; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). By filing materials that focus on issues other than his treatment at the Columbia Correctional Institution, Moore fails to meet this burden.

In the October 6, 2009 order, dkt. #7, screening his claims, the Court summarized the allegations in Moore's amended complaint:

> Plaintiff Rodney Moore is a prisoner at the Columbia Correctional Institution in Portage, Wisconsin. Since at least May 2009, plaintiff has complained to prison staff about his life being in jeopardy. Plaintiff identifies two reasons why he is in danger: (1) he "turned into your Dist[rict] Attorney's office" a man claiming to be the "Southside Rapist" of Spokane, Washington, and (2) following gastric bypass surgery he suffers from flatulence, which irritates his cellmates. He is in Unit 2, which he describes as a unit "where they do not go to staff with a problem, they take care of it themselves." Plaintiff's cellmate repeatedly threatened him. On July 29, 2009, he was attacked by his cellmate,

5

who shoved plaintiff onto the floor, causing plaintiff to suffer bruised ribs and bruises on his wrist. Plaintiff's cellmate told him if "you say anything, my cousins on this unit will take care of it." Another inmate has told plaintiff he has seen a check for $250 paid to an inmate to kill plaintiff. Plaintiff's allegations are unclear, but it appears he was moved to several different cells and his cellmates verbally threatened him. He has told each of the defendants about the danger he faces but they have denied his requests to be moved to a single room or to be placed with a cellmate he knows. In particular, defendant Morris has stated that "[he] can't keep [plaintiff] safe" and there is nothing to support giving plaintiff a single room "even if [he] gets beat up all the time."

On summary judgment, however, Moore fails to mention -- much less swear to the actual occurrence of -- virtually any of these incidents (or any other incident, for that matter) at the Columbia prison. Instead, he focuses on issues such as his treatment at the Green Bay prison, his legal mail, his previous criminal case and his belief that former Deputy Secretary of the Department of Corrections Ismael Ozanne directed a conspiracy against him. All are issues that the Court has repeatedly told Moore are not part of this case.

Moore's only relevant reference is to the July 29, 2009 incident in which Moore claims he was assaulted (shoved) by his cellmate. The parties dispute whether Moore was telling the truth about the incident (as previously explained, he was later given a conduct report for lying about the severity of the incident). But even accepting Moore's version for purposes of summary judgment, he does not provide facts indicating that defendants were aware *beforehand* that Moore faced a risk of harm, which is necessary to prove a failure to protect claim. Nor does Moore provide proposed findings of fact indicating that he was in danger at any time following the July 29, 2009 incident.

Moore attempts to rebut defendants' statement that he has not filed evidence supporting his claim by saying that he is "holding on to that evidence" and that prison officials are tampering with his papers and mail. At this point, these arguments are simply implausible given the number of documents plaintiff has filed with this court over the course of this litigation. In

particular, plaintiff was able to file 77 pages of exhibits in conjunction with his motion for summary judgment. Moreover, he was able to file his proposed findings of fact in the form of an affidavit, yet chose not to aver under penalty of perjury to facts necessary to support his claims.

Under federal law, as has been often noted, "a motion for summary judgment requires the responding party to come forward with the evidence that it has—it is the put up or shut up moment in a lawsuit." *Eberts v. Godertad*, 569 F.3d 757, 766 (7th Cir. 2009) (internal quotation omitted). Because Moore has failed to present facts sufficient to support his failure to protect claims, his motion for summary judgment must be denied and defendants' motion for summary judgment must be granted.

ORDER

IT IS ORDERED that:

(1) Plaintiff Rodney Moore's motion for voluntary dismissal, dkt. #81, is considered WITHDRAWN.

(2) Moore's motion for appointment of counsel, dkt. #87, is DENIED.

(3) Moore's "motion" regarding issues irrelevant to this case, dkt. #88, is DENIED.

(4) Moore's motion for summary judgment, dkt. #74, is DENIED.

(5) Defendants' motion for summary judgment, dkt. #64, is GRANTED. The clerk of court is directed to enter judgment for defendants and close the case.

Entered this 10th day of September, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge